# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

LEWIS SCOTT ROBERTS, ANTHONY )
GASTON, ROY TARRENCE, and )
STEPHEN FRUSH, )
    Plaintiffs, )
     )
v. )
     )
PINKERTON'S, LLC, D/B/A )
PINKERTON, )
PINKERTON CONSULTING & )
INVESTIGATIONS, INC., D/B/A )
PINKERTON CORPORATE RISK )
MANAGEMENT, )
and )
SECURITAS SECURITY SERVICES )
USA, INC., 
    Defendants.

## COMPLAINT

Plaintiffs, Lewis Scott Roberts, Anthony Gaston, Roy Tarrance, and Stephen Frush, for their cause of action against the Defendants Pinkerton Consulting & Investigations, Inc. d/b/a Pinkerton Corporate Risk Management, Pinkerton's LLC, and Securitas Security Services USA, Inc., state and allege as follows:

### PARTIES

1. Plaintiff Lewis Scott Roberts is a citizen of Tennessee and a resident of Davidson County. He was an employed by the Defendants at all times material to this complaint.

2. Plaintiff Anthony Gaston is a citizen of Tennessee, and a resident of Davidson County, Tennessee. He was an employed by the Defendants at all times material to this complaint.

3. Plaintiff Roy Tarrence is a citizen of Kentucky and resident of Bowling Green, Warren County. He was an employed by the Defendants at all times material to this complaint.

4. Plaintiff Stephen Frush is a citizen of Tennessee and a resident of Davidson County. He was an employee by the Defendants at all times material to this complaint.

5. The Defendant Pinkerton's, LLC d/b/a Pinkerton, is a company formed under the laws of the State of Delaware. Its principal office is located in Parsippany, New Jersey, and its registered agent is National Registered Agents, Inc., located at 300 Montvue Road, Knoxville, Tennessee 37913. It is a subsidiary of Defendant Securitas Security Services USA, Inc.

6. Defendant Pinkerton Consulting & Investigations, Inc., d/b/a Pinkerton Corporate Risk Management, is a corporation formed under the laws of the State of Delaware. Its principal office is located in Ann Arbor, Michigan, and its registered agent is National Registered Agents, Inc., located at 300 Montvue Road, Knoxville, Tennessee 37913. It is a subsidiary of Defendant Securitas Security Services USA, Inc.

7. Defendant Securitas Security Services USA, Inc. is a corporation formed under the laws of the State of Delaware. Its principal office is located in Parsippany, New Jersey, and its registered agent is National Registered Agents, Inc., located at 300 Montvue Road, Knoxville, Tennessee 37913.

8. The Defendants are employers within the definition of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d), and Plaintiffs are employees within the definitions of Section 203(e)(1) of the FLSA.

## JURISDICTION AND VENUE

9. This is an action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331, as this action arises under the FLSA.

10. All of the claims alleged herein arose in the Middle District of Tennessee, and the Defendants operate and are located within this district. Venue is therefore proper pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS OF FACT

11. Plaintiffs were employed by the Defendants to provide armed security services in the aftermath of Hurricane Florence, which hit landfall and caused catastrophic damages to the Carolinas in September of 2018. On September 9, 2019, North Carolina Governor Roy Cooper declared a state of emergency, seeking federal assistance in anticipation of the storm.

12. On September 10, 2018, the Defendants' Operations Manager for their Nashville Office, Rudy Trahan, advised Plaintiff Lewis Scott Roberts and other security agents that he was preparing to deploy Roberts and others to various cities in North Carolina that were anticipated to be impacted in the forecasted disaster area. Plaintiff Roberts was informed that he would receive an elevated rate of pay.

13. Mr. Trahan then called Plaintiff Roberts and advised him that he would be "Team Lead/Agent in Charge" of the disaster response team. Mr. Trahan requested that Mr. Roberts assemble a team of agents willing to work in austere conditions and who would be willing to deploy to the projected point of impact of Hurricane Florence. Mr. Roberts

advised Mr. Trahan that he already had a team ready to deploy, and provided Mr. Trahan with a list of agents who had requested to be a team member for the assignment.

14. Mr. Trahan informed Plaintiff Roberts that he would be paid a straight time rate of $50 per hour, and that he was entitled to overtime for all hours worked in excess of 40 per week for 24-hour coverage. Plaintiff Roberts' overtime rate would be $75 per hour, and he would be reimbursed for all expenses, including, without limitation, mileage, meals, and fuel expenses.

15. Plaintiff Roberts began work at the Brookdale facility in Wilmington, North Carolina on September 11, 2018.

16. The Defendants promised that Plaintiffs Gaston, Tarrance, and Frush were to be compensated for 24 hours per day, seven days per week, for a total of 168 compensable hours each week. Defendants promised that Plaintiffs would be paid $45 per hour for straight time and a time-and-a-half rate of $67.50 per hour for all hours in excess of forty hours per workweek, plus expenses. In addition to the above rates, the Defendants would reimburse Plaintiffs for all expenses they incurred, including travel expenses and meals, at the conclusion of the assignment.

17. On September 14, 2018 Hurricane Florence made landfall near Wrightsville Beach, North Carolina, causing significant damage to buildings, and loss of all essential services. The hurricane caused a significant storm surge. Coupled with approximately 30 inches of rainfall, most major roads and highways were impassable, and the city of Wilmington, North Carolina was cut off completely from the rest of the mainland by floodwaters.

18. Plaintiff Roberts was assigned to secure the Brookdale Alzheimer's & Assisted Living Facility in Wilmington, North Carolina.

4

19. On September 23, 2018, the Defendants' Nashville Office Operations Manager, Rudy Trahan, informed Plaintiff Anthony Gaston that he would be assigned to provide security services to support the hurricane relief operations in North Carolina. On October 5, 2018, Plaintiff Gaston was deployed to the Brookdale assisted living center in Morehead City, North Carolina. He was assigned to work with Plaintiff Roy Tarrence. The two provided security at an assisted living facility after the residents had been evacuated and were to remain there until the staff and residents returned after the storm. Plaintiff secured the Morehead facility in which they were assigned, remained on location, and provided security services for 24 hours a day, seven days a week.

20. On October 5, 2018, the Defendants sent Plaintiff Stephen Frush to provide security at the Brookdale facility in Wilmington, North Carolina.

21. On or about October 8, 2018, Plaintiff Roberts was informed by Sam Stone, the Defendants' Director of Operations in Nashville, that the pay rates of all personnel deployed during the assignments would be reduced because the Defendants had to "renegotiate the contract" with Pinkerton's client. Pinkerton's Nashville Office Director Samuel Stone refused to provide Plaintiffs with a specific rate of pay.

22. Plaintiff Tarrance later spoke with the Brookdale staff, who confirmed that the Plaintiffs' rates had not been "renegotiated." Mr. Stone's refusal to pay Plaintiffs the agreed-upon rate was therefore a pretext to keep additional profits for himself as a "bonus," in violation of the Fair Labor Standards Act and in breach of the parties' agreements.

23. Plaintiffs had no choice but to remain in North Carolina on assignment. The roads were impassable or closed by the National Guard, and a curfew was in effect. They nonetheless continued to diligently provide security for the Defendants in an austere, post-Hurricane

5

environment, where they were deprived of hot water, cooking facilities, or basic necessities.

24. The Defendants never informed Plaintiff Gaston of any reduction in pay rate, or renegotiation of a contract. Plaintiff Gaston remained at his assignment in Morehead City until November 2, 2018. He was then sent to the Brookdale facility in Wilmington, North Carolina, where he worked with Plaintiff Scott Roberts from November 9, 2018 until the assignment ended on November 19, 2018.

25. In total, Stephen Frush worked 24 hours per day from October 5, 2018 until midnight on November 8, 2018. At his straight hourly rate of $45 per hour and overtime rate of $67.50, the Defendant owed Plaintiff Frush approximately $104,000. Instead, the Defendants paid Mr. Frush only $32,903, in violation of the FLSA.

26. In total, Anthony Gaston worked 24 hours per day from October 5, 2018 until November 2, 2018, and at the Brookdale facility in Wilmington, North Carolina from November 9, 2019 to November 19, 2019. At his straight hourly rate of $45 per hour and overtime rate of $67.50 per hour, the Defendant owed Plaintiff Gaston approximately $97,920. Instead, the Defendants paid Mr. Gaston only $34,460, in violation of the FLSA.

27. In total, Roy Tarrance worked 24 hours per day from October 5, 2018 to October 18, 2018. At his straight hourly rate of $45 per hour and overtime rate of $67.50 per hour, the Defendant owed Plaintiff Tarrance approximately $19,260.00. Instead, the Defendant paid Mr. Tarrance only $10,700, in violation of the FLSA.

28. In total, Scott Roberts worked 24 hours per day from September 11, 2018 to November 19, 2019. At his straight hourly rate of $50 per hour and overtime rate of $75 per hour, the

6

Defendant owed Plaintiff Roberts approximately $116,000. Instead, the Defendant paid Mr. Roberts approximately $68,000, in violation of the FLSA.

29. The Defendants then refused to reimburse all the job-related expenses requested by the Plaintiffs, in breach of the parties' agreement.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF FLSA
### 29 U.S.C. § 201 *et seq.*

30. Plaintiffs are owed overtime compensation at a rate of not less than 1.5 times their regular rate of pay for all hours worked in excess of forty (40) hours for each seven-day work period.

31. The Defendants were required to pay Plaintiff overtime for each pay period at the agreed upon payrates.

32. The Defendants failed and refused to compensate Plaintiffs in accordance with the overtime provisions of the FLSA.

33. The Defendant were well aware of their obligation to pay Plaintiffs overtime, and their failure and refusal to do so was willful and not in good faith.

34. Plaintiffs are therefore owed overtime pay, and an equal amount in liquidated damages.

### COUNT II: BREACH OF CONTRACT

35. Prior to the performance of the work, the Defendants offered to pay Plaintiffs Gaston, Frush, and Tarrance a straight time rate of $45 per hour and an overtime rate of $67.50 per hour, 24 hours per day, seven days a week, until the Brookdale facilities were restored after the hurricane.

36. The Defendant offered to pay Plaintiff Roberts a straight time rate of $50 per hour and an overtime rate of $75 per hour, 24 hours per day, seven days a week, until the Brookdale facilities were restored after the hurricane.

37. In consideration for working security in North Carolina, the Defendants promised to reimburse Plaintiffs for all travel related expenses, including meals, mileage, plane tickets, fuel and repairs for damages to Plaintiffs' vehicles from the hurricane.

38. Plaintiffs accepted the Defendants' offer to reimburse these expenses as part of their compensation package and performed their work in a competent, professional manner, to the satisfaction of their employer.

39. The agreement was the product of offer, acceptance, and valid consideration, and was entered into by competent parties for a legal purpose.

40. The Defendants failed to perform, and breached the agreement, by failing and refusing to pay the Plaintiffs as promised and by failing and refusing to reimburse the Plaintiffs' expenses, as promised.

41. The Defendants' breaches were material and remain uncured.

42. As a direct and proximate result of the Defendants' breaches, the Plaintiffs have been damaged, and are entitled to judgment against the Defendants in an amount to be established at trial for all damages they have suffered as a result of the Defendants' failure to perform under the agreement.

**WHEREFORE**, Plaintiffs respectfully pray for judgment against the Defendants as follows:

1. For an award of overtime backpay;

2. For an equal amount of backpay as liquidated damages pursuant to 29 U.S.C. § 219(b);

3. For an award of attorney's fees, expenses, and costs pursuant to 29 U.S.C. § 216(b);

4. For an award of actual and compensatory damages and any other relief to which Plaintiffs are entitled for the Defendants' breach of contract;

5. For an award of pre-judgment interest for the Defendants' breaches of contract; and

6. For such other, general and equitable relief to which Plaintiffs may be entitled.

        Respectfully Submitted,

        THE BLACKBURN FIRM, PLLC

        /s/ Bryant Kroll
        W. Gary Blackburn #3484
        Bryant Kroll #33394
        213 Fifth Avenue North, Suite 300
        Nashville, TN 37219
        Ph: 615-254-7770
        Fax: 866-895-7272
        gblackburn@wgaryblackburn.com
        bkroll@wgaryblackburn.com
        *Attorneys for Plaintiffs*